**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| CLARA FULLER,<br><br>Plaintiff,<br><br>v.<br><br>PAMELA MACK S. JACKSON, SHERRY MUELLER, FLORA MCCRARY,<br><br>Defendants. | ) | Case No. 4:26-cv-00249-RK |

**ORDER**

Following removal of this case from the Circuit Court of Jackson County, Missouri, (Doc. 1), Defendants filed a motion to substitute the United States as defendant and to dismiss for failure to exhaust administrative remedies pursuant to the Federal Tort Claims Act ("FTCA"). (Doc. 3.) The motion is fully briefed. (Docs. 9, 11.) After careful consideration and review, and for the reasons explained below, the Court **ORDERS** that (1) Defendants' motion to substitute the United States as defendant is **GRANTED**, and Plaintiff's claims against the individual defendants are **DISMISSED with prejudice**; (2) the United States' motion to dismiss for lack of subject-matter jurisdiction is **GRANTED**, and this case is **DISMISSED without prejudice** for failure to exhaust administrative remedies as required by the FTCA; and (3) Plaintiff's pro se motions, (Docs. 6 and 14), are **DENIED as moot**.

**Background**

In her First Amended Petition filed in the Circuit Court of Jackson County, Missouri, Plaintiff Clara Fuller alleges as follows:

Plaintiff was employed by the IRS as a seasonal Tax Examining Clerk. (Doc. 11-1 at ¶ 1.) Defendant Flora McCary was Plaintiff's direct supervisor. (*Id.* at ¶ 2.) Defendant Pamela S. Mack Johnson was Defendant McCary's supervisor and was the head of Plaintiff's department. (*Id.* at ¶ 3.) Defendant Sherry Mueller was Defendant McCary's "second level" supervisor. (*Id.* at ¶ 4.)

Plaintiff alleges that she was employed by the IRS for a three-to-six-month term as a "full time seasonal" tax examiner. (*Id.* at ¶ 6.) Plaintiff alleges that in subsequent unemployment-benefit proceedings, Defendant McCary stated that (1) "Plaintiff held a permanent position," rather

than seasonal or temporary employment, (2) that "Plaintiff had other employment available to her, which Plaintiff declined," and (3) that "Plaintiff resigned her employment to relocate." (*Id.* at ¶¶ 10, 11, 12.) Plaintiff alleges that these statements were false and that she (along with other staff) had been laid off. (*Id.* at ¶ 13.) Plaintiff asserts claims against Defendant McCary for "negligent or reckless misrepresentation" and "tortious interference with statutory rights" in her "individual and official capacities." (*Id.* at 1, 3.) Plaintiff also names (in the case caption) Defendants Jackson and Mueller as defendants in their individual and official capacities. (*Id.* at 1.) Plaintiff seeks compensatory damages "including but not limited to unpaid unemployment benefits in an amount exceeding $6,000," and she "reserve[s]" her right to seek punitive damages "upon further proof." (*Id.* at 4.)[1]

**Discussion**

The fundamental premise underlying Defendants' motion to substitute and motion to dismiss asserts that Plaintiff's state law tort claims are governed by the provisions of the Federal Tort Claims Act or FTCA.

Generally, "[s]overeign immunity shields the Federal Government and its agencies from suit." *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011) (en banc) (internal quotation marks omitted). The FTCA provides a limited exception to this rule. It allows "state-law liability claims against the federal government for harm caused by [federal] government employees" and "permit[s] persons injured by federal employees to sue the United States for tort claims in federal district court." *King v. United States*, 3 F.4th 996, 998-99 (8th Cir. 2021) (internal quotation marks and citations omitted). When it applies, the FTCA is the "exclusive remedy for actions sounding in tort," *Peak v. Small Bus. Admin.*, 660 F.2d 375, 377 (8th Cir. 1981), for "any injury 'arising or resulting from the negligent or wrongful act or omission of any employee of the [Federal] Government while acting within the scope of his office or employment,'" *Kearns v. United States*, 23 F.4th 807, 811 (8th Cir. 2022) (quoting 28 U.S.C. § 2679(b)).

[1] There is some apparent confusion regarding whether the First Amended Petition, which Plaintiff filed in state court on December 23, 2025, and which the state court "deemed filed" as of February 9, 2026, (*see* Doc. 11-1), is the operative pleading in this action. Plaintiff's initial petition filed in the state court action generally states the same allegations but includes the IRS as a separate defendant. (*See* Doc. 1-1.) Whichever petition was the operative pleading upon removal, however, the same analysis applies and the outcome is no different.

So long as a plaintiff's claims arise from the acts of a federal employee within the scope of their employment, the FTCA governs. One critical question, then, to determine whether the FTCA applies as to a particular claim is "whether the defendant was acting within the scope of his employment when the conduct in question occurred." *Id.* (internal quotation marks omitted). Under the FTCA, the Attorney General may certify "that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose," making substitution of the United States as the proper party defendant appropriate. *Id.* (quoting 8 U.S.C. § 2679(d)(1)). This certification is "prima facie evidence that the employee's alleged conduct was within the scope of employ." *Brown v. Armstrong*, 949 F.2d 1007, 1012 (8th Cir. 1991) (accepting § 2679(d)(1) certification as "prima facie evidence that the employee's challenged conduct was within the scope of employ"). The United States makes that certification here. (*See* Docs. 3 at 5 & 11 at 3.) *See also Lindner v. Newell*, No. 11 Civ. 8365 (AJN), 2013 WL 12617686, at *2 (S.D.N.Y. Mar. 26, 2013) (accepting § 2679(d)(1) certification contained in a brief).

Although Plaintiff disputes the underlying facts (such as the circumstances surrounding her separation and whether she voluntarily resigned or not), Plaintiff does not dispute that the Defendants' alleged misrepresentation or other bad acts occurred within the scope of their federal employment. (*See* Doc. 9.) She only asserts that she "did not understand her claims to constitute a tort claim against the United States" to the extent the claims arise from the specific context of state unemployment benefits administrative proceedings. (*See id.* at ¶ 30.) At most, the conclusory allegations in the First Amended Petition that Defendant McCrary "displayed ongoing hostility toward Plaintiff" and had, during a previous seasonal term of employment, "failed to notify Plaintiff . . . of the authorized return-to-work date following a federal government shutdown" do not suggest or plausibly support any finding that Defendant McCrary's alleged misconduct or misrepresentations in the state unemployment benefits proceedings fall "outside the scope of employ." *Brown*, 949 F.2d at 1012 (applying Iowa law); *see Machauf v. Brown*, No. 20-CV-00515-FJG, 2021 WL 5541948, at *6 (W.D. Mo. Mar. 23, 2021) (applying Missouri law). Nor does Plaintiff present any such argument here. Plaintiff's claims are governed by the FTCA and therefore the United States is the proper defendant. *See Duncan v. Dep't of Labor*, 313 F.3d 445, 447 (8th Cir. 2002); *Knowles v. United States*, 91 F.3d 1147, 1150 (8th Cir. 1996).

When the FTCA applies—as in this case—"[t]he text of the FTCA unambiguously commands that a plaintiff must administratively exhaust her remedies before filing suit in federal court." *King*, 3 F.4th at 999 (citing *McNeil v. United States*, 508 U.S. 106, 111 (1993); 28 U.S.C. § 2675(a)). Presenting a claim governed by the FTCA to the appropriate federal agency "is a jurisdictional prerequisite to filing an FTCA action in federal court." *Id.* (internal quotation marks omitted). Having found that this claim is governed by the FTCA, Plaintiff does not dispute that she did not file any administrative complaint to first exhaust her claims before filing this lawsuit. (*See* Doc. 9 at ¶ 30.) Thus, the Court lacks subject-matter jurisdiction. *See Rollo-Carlson ex rel. Flackus-Carlson v. United States*, 971 F.3d 768, 770 (8th Cir. 2020) (affirming dismissal of FTCA claim for lack of subject-matter jurisdiction based on failure-to-exhaust grounds).

**Conclusion**

For the reasons explained above, the Court **ORDERS** that (1) Defendants' motion to substitute the United States as defendant is **GRANTED**, and Plaintiff's claims against the individual defendants are **DISMISSED with prejudice**; (2) the United States' motion to dismiss for lack of subject-matter jurisdiction is **GRANTED**, and this case is **DISMISSED without prejudice** for failure to exhaust administrative remedies as required by the FTCA; and (3) Plaintiff's pro se motions, (Docs. 6 and 14), are **DENIED as moot**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: October 21, 2026